IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEMUEL R. HALL                                                                                          PETITIONER

v.                                       Case No. 4:09-cv-4095

UNITED STATES OF AMERICA, *et al*                                                     RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, LEMUEL R. HALL, a defendant in a criminal matter currently pending before this court[1], filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2241 (1996). The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Petition was ordered filed and service of the petition was deferred pending further review.

**A.  Procedural Background**[2]:

On January 9, 2009, Petitioner was indicted by the Federal Grand Jury for the Western District of Arkansas and charged with theft of government funds (two counts). On June 26, 2008, a Superceding Indictment was returned by the Grand Jury adding charges of fraudulent use of a social security number and false statements to an agency of the United States Government (two counts).

Following his initial indictment, Petitioner was summoned to appear for arraignment. He

---

[1] *United States v. Lemuel Robert Hall*, Cause No. 4:08-cr-40004.

[2] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket in both the instant case and in the criminal matter referenced in foregoing note.

-1-

appeared and entered a plea of not guilty on January 22, 2008. On that day, Petitioner was released pending final trial and his release was subject to certain pre-trial conditions of release. On February 22, 2008, Petitioner was taken into custody by the United States Marshal for transportation to an appropriate federal facility for a psychiatric examination. Following the examination, Petitioner was released from custody subject to the original conditions of pre-trial release. He has remained on pre-trial release through the date of this report and recommendation.

    **B. Current Petition**:

On August 27, 2009, the Petitioner filed the instant Petition alleging he was entitled to relief pursuant to 28 U.S.C. § 2241. Petitioner does not allege he is subject to unconstitutional conditions of confinement. Likewise, he does not allege he is subject to unconstitutional conditions of pre-trial release. Rather, he makes the following allegations regarding the criminal case against him pending in this Court:

1. He was never arrested, or given his Miranda rights.

2. The Indictment was not signed by the foreperson, a judge or his own attorney.

3. There is no record of how the grand jury voted.

4. Petitioner had no representation before the grand jury.

5. The amounts alleged in the indictment was inflated.

6. The Assistant United States Attorney prosecuting the case has threatened witnesses.

7. There has been inadequate discovery in the criminal case.

8. There was an illegal search and seizure of materials in the criminal case.

9. The Government agencies involved in the criminal case have violated the District Court's orders in that case.

    10.  Petitioner has been imprisoned and held for eighteen months without being arrested.

    11.  Petitioner has been "placed on mental medications" by the Veterans Administration to the extend he "would not know what was going on."

In the instant Petition, the Petitioner seeks a show cause order and a hearing to "correct these violations of this petitioner's constitutional rights."

The Court has not ordered a response to the petition and for the reasons set out below finds that the instant Petition should be denied.

**C.  Discussion**:

Relief pursuant to the writ of *habeas corpus* is available only to a person "in custody."  *See Cotton v. Mabry*, 674 F.2d 701, 703 (8th Cir. 1982).  Title 28 U.S.C. § 2241(c) provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

The requirement that a *habeas* petitioner be in custody "has been equated with significant restraint on liberty, such as parole, or release on one's own recognizance." *Harvey v. South Dakota*, 526 F.2d

840, 841 (8th Cir. 1975), cert. denied, 426 U.S. 911(1976).  In *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973), the Supreme Court ruled that for purposes of §2241, a person who is on pre-trial release is "in custody."

In this case, while Petitioner is not in actual physical custody of the United States or any State, he is subject to restraints "not shared by the general public. " Specifically, he is subject to several conditions of release pending his criminal trial, including, that he appear as ordered by this Court, and that he restrict his travel to the Texarkana Division of the Western District of Arkansas.  Petitioner therefore satisfies the "in custody" requirement of §2241(c).

The Supreme Court has delineated what constitutes a *habeas* action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).  The essence of *habeas corpus* is an attack by a person in custody upon the legality of that custody.  *See Kruger v. Erickson*, 77 f.3d 1071, 1073 (8th Cir. 1996)(citations omitted).  If a petitioner is not challenging the validity of his conviction or the length of his detention then a writ of *habeas corpus* is not the proper remedy.  *Id.*  (citations omitted). The Court should look to the substance of the relief sought in determining whether *habeas* relief is appropriate.  Where a petitioner seeks a writ of *habeas corpus* and fails to attack the validity of his sentence or the length of his custody, the Court lacks the power or subject matter jurisdiction to issue a writ.  *Id.* (citations omitted).  Finally, this Court notes that *Pro se habeas* petitions should be liberally construed. *See Young v. Armontrout*, 795 F.2d 55, 56 (8th Cir.1986).

In this case, it is apparent the Petitioner complains solely about various issues arising in the still pending criminal prosecution against him in this Court.  Petitioner has not been convicted of a criminal act and does not attack a Federal or state criminal conviction.   He also does not complain

about the current restraint on his freedom, namely the conditions of his pre-trial release. Rather, he attacks the constitutionality of various procedural and evidentiary aspects of that pending criminal prosecution. As noted above this Court lacks jurisdiction to address those issues in the context of a *habeas corpus* proceeding prior to a sentence being imposed, and the appropriate proceeding for all of the issues raised in this Petition is the pending criminal proceeding.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition **DENIED** and dismissed with prejudice.[3]

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.** See *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **8th** day of October, 2009.

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*